## COURT OF APPEALS, NOV. TERM, 1804.

### HILLEARY *vs.* CROW.

The court of chancery has full power to decide all questions of law and fact which arise in that court.

The practice of referring such questions to a court of law and a jury, originated in the superiority of the trial by jury, but can be dispensed with in the discretion of the court of chancery.

Where the matter in dispute is small, such reference should not be made, but every thing should be decided by the court of chancery in the first instance.

Where the defendant has agreed to convey to the complainant a tract of land, and to give him possession on a certain day, and takes the complainant's bond for the purchase money, and he afterwards sues on the bond, and gets a judgment, the court of chancery will enjoin such judgment and compel him to make allowance to the complainant for the value of such part of the land as he may fail to give possession of at the time agreed on, from such time untill possession be in fact given.

APPEAL from a decree of the court of chancery. The bill states, that the present appellant, being seised in fee of a tract of land called *Peace and Plenty,* containing 289 acres, did on the 28th of May 1781, sell the same to the complainant, (*Crow,*) for 40,000wt. of merchantable crop tobacco, and on that day executed a bond of conveyance, and the complainant passed his bond to the defendant for the purchase money. That the whole of the land was to have been delivered up on the 20th November then next. That one *Burton* was in possession of a part, holding the same under an agreement with *Hilleary;* and that possession of that part of the said tract was not delivered to *Crow* on the day so agreed on, nor was it delivered until November 1793, although fre-

quently demanded, &c. That the annual value of that part not delivered was worth 750lbs. of crop tobacco, no part of which *Crow* received, but that the same was paid to *Hilleary*. That there has never been any conveyance of the land to *Crow*. That the whole purchase money has been paid except 5196lbs. of crop tobacco. That he had hoped that in a court of law he might have had a deduction for the value of that part of the said land held by *Burton*, for the time that he, *Crow*, was deprived of the possession of it. But that on a suit brought on the bond given for the purchase money, *Crow* was advised that the same was no legal defence. That judgment was obtained on the bond in the general court at May term 1794, for the penalty and costs, to be released on payment of 5196lbs. tobacco, with interest and costs; which quantity of tobacco was the balance due, deducting the sums of money actually paid, without making any allowance for the use of the land so in the tenure of the said *Burton*. The bill prayed a conveyance and injunction, &c.

The answer admitted that *Burton* held about 10 acres, not worth 50lbs. of tobacco per annum, and that he the defendant never received any rent for the same. That it was the complainant's fault if he did not get possession of the 10 acres, or receive the rent. That he believes that *Crow* did receive some personal services from *Burton*. That possession was never demanded by *Crow*. That suit was brought on the bond, and every possible defence in pleading, and otherways, was made by *Crow*, but that a *verdict* and judgment was given for *Hilleary*. *Testimony* was taken under commissions.

HANSON, Chancellor, (10th March 1802.) As the value of the subject of contest in this cause is inconsiderable, and as doubts may be entertained concerning the proper method of ascertaining that value, it is proposed that the solicitors agree that the auditor of this court shall, from the evidence in this cause, state an account between the parties, in which he

Nov. 1804.

Hilleary
vs
Crow

shall make such charges against the defendant as he may think the complainant entitled to on account of *Burton's* land being withheld from him, and that the said account, when returned to this court, shall be subject to exceptions, and be done with as the chancellor shall think fit. The object is to dispense with the issue of *quantum damnificatus,* which perhaps might be considered as the proper measure, instead of a reference to the auditor.

HANSON, (May 4, 1801.) The solicitors of the parties having declined the agreement proposed by the chancellor, it is incumbent upon him to decide according to the best of his judgment.

He has never entertained a doubt of the power of this court to decide all points of law, and all questions of fact which arise in this court; although it has always been the practice to refer important questions of law and fact to the decision of a court of law and a jury. He conceives that the practice originated merely from a sense of propriety. Inasmuch as a point of law, if decided by this court, might afterwards come before a court of law. it appeared proper to refer it to the court of law in the first instance; and inasmuch as the trial by jury is justly considered as far superior to a trial by any one person whatever on written depositions, it has always appeared proper, and has therefore been the practice, to direct issues in important questions of fact.

In the present case it is merely on account of the low value of the subject of inquiry that the chancellor chooses to make a reference to the auditor instead of directing an issue of *quantum damnificatus,* &c. he declares this, lest a precedent for cases of importance may hereafter be supposed to have been given.

It is ordered that auditor of this court state an account, &c.

Such an account was accordingly stated, and the auditor reported that there was due from *Hilleary* to *Crow* the sum 160*l* 4*s* 0*d* current money, for the value of that part of the land withheld, &c.

Hanson, Chancellor, (September 10, 1801,) having confirmed the report of the auditor, &c. decreed, that the defendant should convey, &c. to the complainant, the said land by good deed, &c. That the defendant should be perpetually enjoined from all further proceedings on the judgment at law; and that he should pay to the complainant the sum of 26*l* 18*s* 8*d* current money, with interest from the 7th of August 1801, and costs. From this decree the defendant appealed to this court.

Nov. 1804.

Hilleary
vs
Crow

*Key* and *Johnson*, for the Appellant.

*Shaaff*, for the Appellee.

The Court of Appeals *affirmed* the decree of the Court of Chancery, without costs.